TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-308 |
| of | : | |
| | : | August 5, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE VICTOR J. WESTMAN, COUNTY COUNSEL, CONTRA COSTA COUNTY, has requested an opinion on the following question:

When (1) a property owner files an application with the assessment appeals board for a reduction of property taxes, (2) the assessor conducts an audit of the property (Rev. & Tax. Code, § 469), agreeing that a reduction is justified, (3) a refund of property taxes is made as a result of the audit, and (4) the assessment roll is adjusted for the property such that the valuation dispute between the owner and the assessor is resolved, may the assessment appeals board increase the resulting audit valuation of the property?

CONCLUSION

When (1) a property owner files an application with an assessment appeals board for a reduction of property taxes, (2) the assessor conducts an audit of the property (Rev. & Tax. Code, § 469), agreeing that a reduction is justified, (3) a refund of property taxes is made as a result of the audit, and (4) the assessment roll is adjusted for the property such that the valuation dispute between the owner and the assessor is resolved, the assessment appeals board may increase the resulting audit valuation of the property after giving notice as prescribed by its rules.

ANALYSIS

The facts giving rise to this request for our opinion involve a corporation that was dissatisfied with its tax assessment of certain trade fixtures and business tangible personal property. It filed an appeal of the assessment with the local county assessment appeals board. The county assessor conducted a statutorily required audit of the corporation's property (Rev. & Tax. Code, § 469) **Footnote No. 1** and agreed that a reduction in the assessment was justified. The corporation was issued a tax refund, and the property was given a new valuation on the assessment roll. The question to be resolved is whether the assessment

appeals board may change the resulting audit valuation of the property. We conclude that it may.

Article XIII, section 16 of the Constitution provides for local county assessment appeals boards as follows:

"The county board of supervisors, or one or more assessment appeals boards created by the county board of supervisors, shall constitute the county board of equalization for a county. Two or more county boards of supervisors may jointly create one or more assessment appeals boards which shall constitute the county board of equalization for each of the participating counties.

"Except as provided in subdivision (g) of Section 11, the county board of equalization, under such rules of notice as the county board may prescribe, shall equalize the values of all property on the local assessment roll by adjusting individual assessments.

"County boards of supervisors shall fix the compensation for members of assessment appeals boards, furnish clerical and other assistance for those boards, adopt rules of notice and procedures for those boards as may be required to facilitate their work and to insure uniformity in the processing and decision of equalization petitions, and may provide for their discontinuance.

"The Legislature shall provide for: (a) the number and qualifications of members of assessment appeals boards, the manner of selecting, appointing, and removing them, and the terms for which they serve, and (b) the procedure by which two or more county boards of supervisors may jointly create one or more assessment appeals boards." **Footnote No. 2**

With respect to property assessments, the Constitution generally requires that "[a]ll property is taxable and shall be assessed at the same percentage of fair market value." (Cal. Const., art. XIII, § 1, subd. (a); see § 201.) "The assessor shall assess all property subject to general property taxation on the [annual] lien date . . . ." (§ 401.3.) The assessed valued of the property is listed on the assessment roll (§ 601) which the assessor prepares for the county auditor (§ 617).

We are given that a property owner has filed an application with the assessment appeals board for a reduction of property taxes. Subdivision (a) of section 1603 provides:

"A reduction in an assessment on the local roll shall not be made unless the party affected . . . makes and files with the county board a verified, written application showing the facts claimed to require the reduction and the applicant's opinion of the full value of the property. . . ."

Subdivision (b) of section 1605 states:

". . . Upon application for reduction pursuant to subdivision (a) of Section 1603, the assessment shall be subject to review, equalization and adjustment by the county board . . . ."

Two statutes are particularly relevant to the present inquiry. Section 1607 provides:

"Before the county board makes any reduction, it shall examine, on oath, the person affected or the agent making the application touching the value of the property. A reduction shall not be made unless the person or agent attends and answers all questions pertinent to the inquiry; provided, however, in the event there is filed with the county board a written stipulation, signed by the assessor and county legal officer on behalf of the county and the person affected or the agent making the application, as to the full value and assessed value of the property which

stipulation sets forth the facts upon which the reduction in value is premised, the county board may, at a hearing, (a) accept the stipulation, waive the appearance of the person affected or the agent and change the assessed value in accordance with Section 1610.8, or (b) reject the stipulation and set or reset the application for reduction for hearing."

Section 1610.8 states:

"After giving notice as prescribed by its rules, the county board shall equalize the assessment of property on the local roll by determining the full value of an individual property and by reducing or increasing an individual assessment as provided in this section. . . ."

The clerk of the assessment appeals board records all changes in assessments made by the board, which are subsequently forwarded to the county auditor who makes the corrections on the assessment roll. (§§ 1614, 1646.1.)

While the statutes dealing with the authority and powers of an assessment appeals board appear to be straightforward, we have also been given that the assessor has made an independent audit of the subject property pursuant to the provisions of section 469. Section 469 provides:

"In any case in which locally assessable trade fixtures and business tangible personal property owned, claimed, possessed, or controlled by a taxpayer engaged in a profession, trade, or business has a full value of three hundred thousand dollars ($300,000) or more, the assessor shall audit the books and records of that profession, trade, or business at least once each four years. . . .

"Upon completion of an audit of the taxpayer's books and records, the taxpayer shall be given the assessor's findings in writing with respect to data that would alter any previously enrolled assessment.

"Equalization of the property by a county board of equalization or assessment appeals board pursuant to Chapter 1 (commencing with Section 1601) of Part 3 of this division shall not preclude a subsequent audit and shall not preclude the assessor from levying an escape assessment in appropriate instances, but shall preclude an escape assessment being levied on that portion of the assessment that was the subject of the equalization hearing.

"If the result of an audit for any year discloses property subject to an escape assessment, then the original assessment of all property of the assessee at the location of the profession, trade, or business for that year shall be subject to review, equalization and adjustment by the county board of equalization or assessment appeals board pursuant to Chapter 1 (commencing with Section 1601) of Part 3 of this division, except in those instances when the property had previously been equalized for the year in question.

"If the audit for any particular tax year discloses that the property of the taxpayer was incorrectly valued or misclassified for any cause, to the extent that this error caused the property to be assessed at a higher value that the assessor would have entered on the roll had the incorrect valuation or misclassification not occurred, then the assessor shall notify the taxpayer of the amount of the excess valuation or misclassification, and the fact that a claim for cancellation or refund may be filed with the county as provided by Sections 4986 and 5096."

Subdivision (a) of section 4986 in turn provides:

"All or any portion of any tax, penalty, or costs, heretofore levied, shall, on satisfactory proof, be cancelled by the auditor if it was levied or charged:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(7) On that portion of an assessment in excess of the value of the property as determined by the assessor pursuant to Section 469."

Section 5096 states:

"Any taxes paid before or after delinquency shall be refunded if they were:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(g) Paid on an assessment in excess of the value of the property as determined by the assessor pursuant to section 469."

We are given that the assessor has independently audited the corporation's property in question as required by law (§ 469), he has determined "that the property of the taxpayer was incorrectly valued" (*ibid*.), and the corporation has been refunded the amount of taxes paid due to the original excess assessment (§ 5096). Under such circumstances, may the corporation withdraw its application filed with the assessment appeals board for a reduction of its property taxes, or may the board raise the assessment that was reduced by the assessor after auditing the property?

First, we believe that it is irrelevant whether the corporation may attempt to *withdraw* its application filed with the assessment appeals board. No statute authorizes such withdrawal. Indeed, section 1610.8 expressly allows an assessment appeals board to raise a valuation of any property during performance of its equalization function. The only precondition is that it first give "notice as prescribed by its rules."

In *Stevens* v. *Fox Realty Corp.* (1972) 23 Cal.App.3d 199, the court addressed whether one property owner could file with the assessment appeals board an application to increase the assessed value of property owned by another property owner. In concluding that no authority existed for one property owner to so challenge the assessment of another, the court examined the powers of a board to increase an assessment during performance of its equalization duties. In quoting from language then contained in section 1605, now set forth in section 1610.8, the court explained:

"Assessment appeals boards of a county have power to equalize the valuation of taxable property in the county. They are governed by the general laws pertaining to county boards of equalization and by rules adopted by the county board of supervisors to `facilitate their work and to insure uniformity in the processing and decision of equalization petitions.' [Citation.] Revenue and Taxation Code section 1605 provides that, after giving notice as prescribed by its rules, a county board of equalization `shall equalize the assessment of property on the local roll by determining the full cash value of an individual assessment and by reducing or increasing an individual assessment.' . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"After giving notice to the person to be assessed, a county board of equalization (and hence a county assessment appeals board) may increase an assessment on its own motion; its jurisdiction to do so does not depend upon the filing of an application stating that such assessment is too low, and asking that it be increased. [Citation.]" (*Id.*, at p. 204.)

We are to interpret statutes by considering "the consequences that would follow from a particular construction"; "a practical construction is preferred." (*California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1147.) "`A statute must be construed "in the context of

the entire statutory scheme of which it is a part, in order to achieve harmony among the parts." [Citation.] [Citation.]" (*People* v. *Hull* (1991) 1 Cal.4th 266, 272.)

We find nothing in the governing statutes that would suggest that a property owner or assessor may remove the jurisdiction of an assessment appeals board to perform its constitutional and statutory duties. To the contrary, section 1607, for example, allows the assessment appeals board to reject a stipulation of assessed value signed by the property owner, assessor, and county legal officer. Whether an assessor values property before or after completing an audit, the assessment appeals board may exercise its jurisdiction on its own motion to increase the assessment.

The provisions of section 469 are consistent with such conclusion. Once an assessment appeals board has made a valuation of property after a hearing, neither the assessor nor the board may increase the assessment on the particular property for the particular year. The fact that an assessor may reduce an assessment if he finds an error does not preclude the board from increasing an assessment based upon evidence produced at its hearing.

Whatever impact sections 4986 and 5096 may have upon an assessor when a property owner has been issued a tax refund, neither statute purports to bind the assessment appeals board in performing its constitutional and statutory duties.

Our interpretation of sections 469, 1607, 1610.8, 4986, and 5096 harmonizes and effectuates the purposes of each and is consistent with the interpretation of these statutes made by the State Board of Equalization, the administrative agency charged with promulgating regulations implementing this statutory scheme. (Gov. Code, § 15606; see Cal. Code Regs., tit. 18, §§ 1-326.) "Unless unreasonable or clearly contrary to the statutory language or purpose, the consistent construction of a statute by an agency charged with responsibility for its implementation is entitled to great deference. [Citation.]" (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 460.)

We conclude that when (1) a property owner files an application with the assessment appeals board for a reduction of property taxes, (2) the assessor conducts an audit of the property (§ 469), agreeing that a reduction is justified, (3) a refund of property taxes is made as a result of the audit, and (4) the assessment roll is adjusted such that the valuation dispute between the owner and the assessor is resolved, the assessment appeals board may increase the resulting audit valuation of the property after giving notice as prescribed by its rules.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Revenue and Taxation Code are by section number only.
**Footnote No. 2**
Subdivision (g) of section 11 of article XIII of the Constitution provides that assessments of property owned by a local government "shall be subject to review, equalization, and adjustment by the State Board of Equalization."